```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,
                                        MEMORANDUM AND ORDER
                                         16-CR-0169 (DRH)
        -against-

ERIC WILLIS,

                Defendant.
-------------------------------X
A P P E A R A N C E S:

For the Plaintiffs:
    Richard Donoghue
    United States Attorney
    Eastern District of New York
    610 Central Islip, New York  11722
      By: Artie McConnell, A.U.S.A.

For Defendants:
    Peter Bark, Esq.
    1772 E. Jericho Turnpike
    Huntington, New York 11743
```

HURLEY, Senior District Judge

By notice of motion dated May 10, 2018, Eric Willis ("defendant" or "Willis") moves to dismiss Count Seven of the indictment.  That Count charges the defendant with violating 18 U.S.C. § 924(c) by using a firearm to commit, inter alia, the substantive Hobbs Act robberies charged in Counts Two through Six.[1]

The defense, in seeking the dismissal of Count Seven, explains: "The sole issue here is whether the term ['] crime of violence' as set forth in 18 United States Code Sec. 924(c)(3) is

---

[1] Count Seven also alleges a Section 924(c) violation vis-a-vis the Hobbs Act robbery conspiracy set forth in Count One.

unconstitutionally vague," (Def.'s Motion to Dismiss Count Seven, at 2) and proffers that it is citing the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). In its letter in opposition, dated May 30, 2018, the government notes that the Second Circuit recently rejected that precise argument in United States v. Hill, 890 F.3d 51, 52 (2d Cir. 2016, as amended 2018)("We . . . hold that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A).") See also Mapp v. United States, 2018 WL 3716887 at *2 (E.D.N.Y. Aug. 3, 2018)("Mapp's 'instant offense' for Hobbs Act robbery qualified as a crime of violence under force clause.") (citing the Second Circuit decision in Hill). The invalidity of defendant's position is further evidenced by United States v. Barrett, – F.3d –, 2018 WL 4288566 (2d Cir. 2018), a Second Circuit decision rendered on September 10, 2018. Therein, Circuit Judge Renna Raggi writing for the panel explained that both conspiracy and substantive Hobbs Act robberies are crimes of violence under Section 924(c)(3).

With respect to Willis' reliance on Dimaya, that reliance is misplaced. Dimaya is referenced in both Hill (see 890 F.3d at 53 n.2) and numerous times in Barrett (see, e.g., 2018 WL 4288566 at **1, 5, 7, 8, 9, 10, 11, 12), coupled with the conclusion that the holdings in those cases re Hobbs Act robberies are not inconsistent with Supreme Court pronouncements

in Dimaya.

For the foregoing reasons, defendant's motion to dismiss Count Seven is denied.[2]

SO ORDERED.

Dated: September 14, 2018
       Central Islip, New York

_____
DENIS R. HURLEY, U.S.D.J.

---

[2] In defendant's June 22, 2018 Response, he does not respond to the government's letter in opposition but rather interjects into the fray for the first time the decision in United States v. Shameke Walker, 314 F. Supp. 3d 400 (E.D.N.Y. May 17, 2018). Parenthetically this was done absent accompanying analysis. In any event, the Court declines to consider Walker, for "it is improper to raise arguments for the first time in [movant's] reply." Carr v. County of Sullivan, 2018 WL 3733952 at 12, fn. 16. This is done, however, without prejudice to defendant pursuing the matter further should he elect to do so via an additional motion filed on or before September 28, 2018.